IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAD DIVERSIFIED REIT, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-cv-01191 |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS OWNER TRUSTEE OF LEGACY MORTGAGE ASSET TRUST 2024-INV1; AND FAY SERVICING, LLC, | § § § § § § § | |
| Defendants. | § § | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant U.S. Bank National Association, Not in its Individual Capacity but as Owner Trustee of Legacy Mortgage Asset Trust 2024-INV1 ("U.S. Bank as Trustee"), files this Reply in Support of its Motion to Dismiss. Plaintiff RAD Diversified REIT, Inc. ("Plaintiff") filed this lawsuit as a dilatory tactic to prevent U.S. Bank as Trustee from enforcing its foreclosure rights, despite the uncured default on its loan obligations. As identified in U.S. Bank as Trustee's Motion to Dismiss, the Complaint is strewn with plenty of pleading deficiencies that are insufficient to overcome Plaintiff's Rule 12(b)(6) burden. Plaintiff's Response to the Motion to Dismiss (the "Response") did not cure the deficiencies. Accordingly, the Court should grant U.S. Bank as Trustee's Motion to dismiss and dismiss this lawsuit with prejudice

### I.   SUMMARY OF THE RESPONSE

The Response fails to address several key issues. First, Plaintiff does not even attempt to address the deficiencies relating to its declaratory-judgment claims against U.S. Bank as Trustee, as the allegations are premised on defective *attempted* wrongful-foreclosure allegations. Plaintiff

specifically omits from the Response any dispute challenging U.S. Bank as Trustee's arguments regarding the absence of a foreclosure sale—let alone the other two essential elements necessary to state a claim for relief (*e.g.*, a grossly inadequate selling price and a causal connection between the alleged defect and the grossly inadequate selling price). Furthermore, Plaintiff does not dispute that it never lost possession of the Property. Second, Plaintiff does not dispute that it failed to respond to arguments concerning its failure to address plead all the essential elements in support of its breach-of-contract claim. For these reasons and others, Plaintiff cannot maintain any of its claims against U.S. Bank as Trustee, and Plaintiff is not entitled to the relief it seeks. Dismissal of this lawsuit is appropriate.

## II.   ARGUMENTS AND AUTHORITIES

**A.   PLAINTIFF DOES NOT RESPOND TO ARGUMENTS THAT ITS DECLARATORY-JUDGMENT CLAIMS ARE PREMISED ON A DEFECTIVE ATTEMPTED-WRONGFUL-FORECLOSURE THEORY.**

Plaintiff does not dispute that it asserts an *attempted*-wrongful-foreclosure claim, which is not a cognizable cause of action in Texas. Plaintiff instead acknowledges that its claims are premised on a threat of "imminent foreclosure, allegedly in violation of the Deed of Trust and Texas law."[1] But Plaintiff fails to unequivocally allege that an *actual* foreclosure sale has taken place—much less specifically identify any such sale and the price the Property sold for. Moreover, Plaintiff fails to sufficiently plead any plausible facts that would show that U.S. Bank as Trustee was responsible for any defect in a foreclosure sale that led to a grossly inadequate selling price. Therefore, Plaintiff has not pled a plausible declaratory-judgment claim against U.S. Bank as Trustee. *See, e.g.*, *Maldonado v. Wells Fargo Bank, N.A.*, No. CV H-16-3574, 2017 WL 4950063, at *4 (S.D. Tex. Nov. 1, 2017) (explaining that defective-notice arguments are generally construed

---

[1] Doc. No. 12.

as wrongful-foreclosure claims and are subject to dismissal where no foreclosure had taken place). Consequently, the Court should dismiss this claim.

B. **PLAINTIFF DOES NOT DISPUTE THAT IT FAILED TO ALLEGE PERFORMANCE AND DAMAGES IN SUPPORT OF ITS BREACH-OF-CONTRACT CLAIM.**

Plaintiff completely ignored the arguments that it failed to allege performance by pleading that it has timely made the Loan payments.[2] Further, Plaintiff asserts that properly alleged damages, even though no foreclosure sale has occurred. However, Texas law clearly demonstrates that Plaintiff cannot state a breach-of-contract claim under these circumstances when Plaintiff currently maintains possession of the Property and no foreclosure sale has occurred.

As an example, *Vindustrialist* is instructive here. *Vindustrialist, LLC v. Wilmington Sav. Fund Soc'y*, No. 4:23-CV-02827, 2024 WL 666118 (S.D. Tex. Jan. 29, 2024), *report and recommendation adopted sub nom. Vindustrialist LLC v. Wilmington Saving Fund Soc'y*, No. 4:23-CV-2827, 2024 WL 665195 (S.D. Tex. Feb. 16, 2024). In *Vindustrialist*, the plaintiff filed a lawsuit challenging a scheduled foreclosure of a commercial property following its default on a commercial loan. *Id*. at *1. The plaintiff alleged that the notice of sale listed an incorrect document number on the recorded deed of trust. *Id*. at *2. The plaintiff asserted claims for breach of contract and "unreasonable debt collection efforts" and sought declaratory and injunctive relief, damages, and attorney's fees and obtained a temporary restraining order. *Id*. at *1–2. The mortgagee moved for summary judgment on all of the plaintiff's claims because the plaintiff failed to establish the damages element of its breach-of-contract claim, among other things. *Id*. at *2. The court declined to consider the plaintiff's request for attorney's fees as a sufficient showing of damages to state a breach-of-contract claim. *Id*. at *4–5. Instead, the Court dismissed the breach-of-contract claim

---

[2] *See generally* Doc. Nos. 1-4, 12.

and held that, "[w]hen no foreclosure sale has taken place and plaintiff retains possession of the property, plaintiff fails to provide it has suffered damages." *Id*. at *5.

Like the plaintiff in *Vindustrialist*, Plaintiff cannot state a claim for breach-of-contract because Plaintiff has not sufficiently pled the damages element since it has not alleged that the scheduled foreclosure sale was completed or that they are no longer in possession of the Property. Indeed, Plaintiffs cannot do so because they obtained an *ex parte* temporary restraining order in advance of the scheduled foreclosure sale. Therefore, the Court should dismiss the breach-of-contract claim with prejudice.

## III.   CONCLUSION

Put simply, Plaintiff fails to state a claim upon which relief may be granted. Plaintiff asserted these claims against U.S. Bank as Trustee premised on cursory, barebones allegations of purported wrongdoing by U.S. Bank as Trustee. When U.S. Bank as Trustee identified all the pleading errors and deficiencies, Plaintiff refused to adequately respond, explain, or rebut all of the concerns. Accordingly, U.S. Bank as Trustee respectfully requests that the Court grant this Motion and dismiss Plaintiff's claims against U.S. Bank as Trustee with prejudice. U.S. Bank as Trustee additionally requests such other and further relief to which it is justly entitled.

Respectfully submitted,

/s/ *Helen O. Turner*

**Robert T. Mowrey – Attorney-in-Charge**
Texas Bar No. 14607500
S.D. Texas Bar No. 9529
rob.mowrey@troutman.com
**Matthew K. Hansen**
Texas Bar No. 24065368
S.D. Texas Bar No. 1046257
matt.hansen@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2750
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Helen O. Turner**
Texas Bar No. 24094229
S.D. Texas Bar No. 2924121
helen.turner@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 7, 2025 a true and correct copy of the foregoing document was delivered to the following counsel of record *via CM/ECF, CMRRR, and/or email* consistent with the Federal Rules of Civil Procedure.

Jeffrey C. Jackson
jeff@jjacksonllp.com
Texas Bar No. 24065485
S.D. Texas Bar No. 1024221
JEFFREY JACKSON & ASSOCIATES, PLLC
11767 Katy Fwy., Ste. 813
Houston, TX 77079
Telephone: (713) 861-8833
Facsimile: (713) 682-8866

*Counsel for Plaintiff*

            */s/ Helen O. Turner*
            Counsel for Defendant